UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-21959-CV-ALTMAN/REID

LAZARUS ADSIDE,

      Movant,

v.

STATE OF FLORIDA,

      Respondent.

_____/

## REPORT OF MAGISTRATE JUDGE

### I.    Introduction

This matter is before the Court on Petitioner's Amended *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [ECF No. 15]. This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B), and Fed. R. Civ. P. 72. [ECF No. 25].

On May 11, 2020, while serving a 61.3-month sentence at the Santa Rosa Correctional Institution, Petitioner Lazarus Adside filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254 seeking release from prison or that he be granted "a new Court proceeding to address whether he was entitled to immunity from prosecution." [ECF No. 1]. He amended his petition on August 24, 2020. [ECF No. 12, 15]. While the Amended Petition was pending, however, Adside completed his sentence and was released from prison. [ECF No. 23]. Since his release, he has not raised a challenge to a continuing injury or to any collateral consequence of his conviction.

Accordingly, upon review of the Petition and all relevant documents in this case and the state court, the Undersigned **RECOMMENDS** that the Amended Motion [ECF No. 15] be

**DENIED** as moot and this case be **DISMISSED** because it presents no live case or controversy as required by Article III § 2 of the United States Constitution.

## II.     Relevant Procedural History

Petitioner was convicted of Felony Aggravated Battery by a jury in the Eleventh Judicial Circuit of Miami Dade County, Case No. F15-2115, and was sentenced to 61.35 months in prison on July 28, 2016. [ECF Nos. 5-1; 15; 21-1 at Appendix H]. The Third District Court of Appeal of Florida (the "Third DCA") affirmed his conviction on March 21, 2018. *See Adside v. State*, 241 So. 3d 827 (Fla. 3d DCA 2018); [ECF Nos. 5-1, 15, 21-1 at Appendix I]. On December 21, 2018, Petitioner filed a *pro se* motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850 arguing, *inter alia*, that his counsel was ineffective for failing to file a pre-trial motion to dismiss pursuant to Florida's Stand Your Ground law. [ECF Nos. 5-1, 15, 21-2 at Appendix J]. The petition was denied on March 26, 2019. [ECF Nos. 21-2 at Appendix K].

Next, on April 25, 2019, he filed a motion for rehearing, which was granted in part, permitting an evidentiary hearing on his claim that his counsel was ineffective for failing to file a pre-trial motion to dismiss. [ECF Nos. 15, 21-2 at Appendix L]. After the evidentiary hearing, Petitioner's motion for rehearing was denied. [ECF Nos. 5-1, 21-2 at Appendix N]. Next, he was permitted to file a belated appeal on December 2, 2019, in which he argued that the trial court erred in denying his motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850. [ECF Nos. 15, 21-2 at Appendix N]. The Third DCA, however, *per curiam* affirmed the trial court's decision on June 17, 2020. *Adside v. State*, 303 So. 3d 211 (Fla. Dist. Ct. App. 2020).

Adside now brings a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 alleging that his trial counsel "presented ineffective assistance of counsel by failing to file a

pre-trial motion to dismiss based upon Florida's Stand Your Ground law, [and by not] utilizing a[] compulsory eye witness testimony to establish petitioner's immunity."

### III.   Legal Standard and Discussion

"Pursuant to 28 U.S.C. § 2254, 'a district court shall entertain an application for a writ of habeas corpus in [sic] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States.'" *Mattern v. Sec'y for Dep't of Corr.*, 494 F.3d 1282, 1285 (11th Cir. 2007) (citing 28 U.S.C. § 2254(a)) (emphasis added). Because Petitioner was in custody at the time he filed his § 2254 petition, he satisfied this requirement.

"Nevertheless, a habeas petitioner who has been released from imprisonment subsequent to his filing a § 2254 petition must establish that his petition still presents a case or controversy under Article III, § 2, of the United States Constitution, and therefore is not moot." *Id*. (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "A cause of action becomes moot 'when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" *Djadju v. Vega*, 32 F. 4th 1102, 1106 (11th Cir. 2022) (quoting *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011)).

"In other words, once a habeas petitioner has been released from imprisonment, the petitioner must establish that "some 'collateral consequence' of the conviction' exists." *Mattern,* 494 F.3d at 1285 (quoting *Spencer*, 523 U.S. at 7). While the Supreme Court has determined that wrongful convictions can have continuing collateral consequences, a court is not to assume that collateral consequences exist and instead must analyze whether a petitioner has demonstrated such consequences. *See id*. (citing *Spencer*, 523 U.S. at 14). The fundamental question a court must

answer is "whether events have occurred that deprive [it] of the ability to give the appellant meaningful relief." *Djadju*, 32 F.4th at 1107.

This Court finds that Petitioner's release from prison deprives it of the ability to grant him meaningful relief. In his prayer for relief in his Amended §2254 Petition, Petitioner sought to either be released from prison or alternatively to be granted a new trial to determine whether he was entitled to immunity from prosecution. *See* [ECF No.15]. After filing his petition, Petitioner was, in fact, released on November 19, 2020, having served his sentence. *See* [ECF No. 23]. Since he has been released from custody, his prayer for relief was satisfied leaving nothing for this Court to do.

Moreover, since his release, Petitioner has not argued that he is suffering any collateral consequences resulting from his conviction. As such, this Court is unable to provide Petitioner with any remedy pursuant to 28 U.S.C. § 2254. *See Djadju*, 32 F.4th at 1107 (The burden rests on petitioner to establish that his case still presents a live case or controversy). This case is therefore moot, and any decision on the merits would be an impermissible advisory opinion.

## IV.   <u>Conclusion</u>

For the reasons stated above, it is **RECOMMENDED** that the Amended Motion [ECF No. 15] be **DENIED** as moot and this case be **DISMISSED** for lack of jurisdiction.

Objections to this Report may be filed with the district judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**DONE AND ORDERED** in Chambers at Miami-Dade, Florida this 25th day of May, 2022.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:    **U.S. District Judge Roy K. Altman;**
       **All Counsel of Record via CM/ECF**

       **Lazarus Adside**
       20933 SW 122 Ct
       Miami, FL 33177
       PRO SE