UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NOS. 20-21959-CIV-ALTMAN

**LAZARUS ADSIDE**,

   *Petitioner*,

v.

**STATE OF FLORIDA**,

   *Respondent.*

_____/

## **ORDER**

Our Petitioner, Lazarus Adside, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his state-court conviction for aggravated battery. *See* Amended Petition [ECF No. 15]. We referred the Amended Petition to Magistrate Judge Lisette M. Reid, *see* Order Referring Case [ECF No. 25], whose Report and Recommendation (the "R&R") [ECF No. 26] suggested that we dismiss the Amended Petition as moot because the Petitioner has been released from the custody of the Florida Department of Corrections. *See* R&R at 4 ("After filing his petition, Petitioner was, in fact, released on November 19, 2020, having served his sentence. Since he has been released from custody, his prayer for relief was satisfied leaving nothing for this Court to do."). Magistrate Judge Reid also warned the parties as follows:

> Objections to this Report may be filed with the district judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

*Id.* Objections to the R&R were due on June 8, 2022, and neither party filed an objection.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (cleaned up). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress' intent was to require *de novo* review only where objections have been properly filed—and not, as here, when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the R&R, the record, and the applicable law, the Court can find no clear error on the face of the R&R. Accordingly, the Court hereby **ORDERS AND ADJUDGES** as follows:

1. The R&R [ECF No. 26] is **ACCEPTED and ADOPTED**.
2. Adside's Amended Petition [ECF No. 15] is **DISMISSED as moot**.
3. Any requests for an evidentiary hearing or a certificate of appealability are **DENIED**.
4. Any other pending motions are **DENIED as moot**, and all deadlines are **TERMINATED**.
5. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida this 21st day of June 2022.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: Lazarus Adside, *pro se*
counsel of record